**ORAL ARGUMENT SCHEDULED FOR JANUARY 20, 2026**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al., | |
| *Petitioners,* | |
| v. | Lead Case No. 24-1193 |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | Consolidated with Case Nos. 24-1261, 24-1266, 24-1271, and 24-1272 |
| *Respondents,* | |
| and | |
| CLEAN CAPE FEAR, et al., | |
| *Respondent-Intervenors.* | |

**RESPONDENT-INTERVENORS' UNOPPOSED MOTION CONCERNING ORAL ARGUMENT FORMAT**

The undersigned Respondent-Intervenors, Clean Cape Fear, Environmental Justice Task Force, Fight for Zero, Merrimack Citizens for Clean Water, and Natural Resources Defense Council (collectively, "Intervenors"), respectfully move to establish an oral argument format in the above-captioned cases. Government Respondents and Petitioners do not oppose Intervenors' motion.

1

Intervenors propose that each side be allocated 20 minutes for oral argument, to be divided between no more than two attorneys per side. *See* D.C. Cir. Rule 34(c)-(d). Intervenors request that Petitioners be allocated 20 minutes for oral argument, Government Respondents be allocated 15 minutes, and Intervenors be allocated 5 minutes.

These cases involve important issues of first impression regarding the interpretation of section 102(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), which authorizes the Administrator of the Environmental Protection Agency ("EPA") to designate substances as "hazardous substances" if their release "may present substantial danger to the public health or welfare or the environment." 42 U.S.C. § 9602(a). EPA exercised its authority under section 102(a) for the first time when it designated perfluorooctanoic acid ("PFOA") and perfluorooctanesulfonic acid ("PFOS") as hazardous substances, 89 Fed. Reg. 39124 (May 8, 2024), and Petitioners' challenge raises a range of constitutional, statutory, and procedural claims. Intervenors submit that allocating 40 minutes of argument in total will assist the Court in its assessment.

Moreover, the Court will benefit from arguments from both Government Respondents and Intervenors. There are arguments raised in Petitioners' briefs that only Intervenors have responded to, such as Petitioners' claim that CERCLA

2

section 102(a) requires EPA to consider costs when designating hazardous substances. *Compare* Pet'rs' Opening Br. at 40-44 (Doc. No. 2149067) *with* Gov't Resp'ts' Br. at 17 (Doc. No. 2148894) and Intervenors' Br. at 36-31 (Doc. No. 2148991). As representatives of PFAS-impacted communities, Intervenors also bring a distinct perspective on the issues before the Court, and their participation at argument will supplement the defenses presented by the Government Respondents.

Lastly, the significant amount of amicus briefing in this case—nearly 20,000 words between four amici—demonstrates the substantial public interest in the challenged rule and warrants additional time beyond this Court's typical allocation of 15 minutes per side.

For the foregoing reasons, Intervenors propose that the parties be allocated oral argument time as follows:

| Party | Time |
|---|---|
| Petitioners | 20 minutes (inclusive of rebuttal) |
| Government Respondents | 15 minutes |
| Intervenors | 5 minutes |

Dated: December 9, 2025

Respectfully submitted,

*/s/ Jonathan Kalmuss-Katz*
JONATHAN KALMUSS-KATZ
Earthjustice
48 Wall Street Floor 15
New York, New York 10005
T: 212-823-4989
jkalmusskatz@earthjustice.org

LILLIAN ZHOU
ALANA REYNOLDS
Earthjustice
1001 G St NW Suite 1000,
Washington, DC 20001
T: 202-667-4500
lzhou@earthjustice.org
areynolds@earthjustice.org

*Counsel for Respondent-*
*Intervenors Clean Cape Fear,*
*Environmental Justice Task,*
*Force, Fight for Zero, Merrimack*
*Citizens for Clean Water, and*
*Natural Resources Defense*
*Council*

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

Counsel hereby certifies, in accordance with Federal Rule of Appellate Procedure 27(d)(2)(A), that the foregoing motion contains 387 words, excluding the parts exempted by Federal Rule of Appellate Procedure 27(d), as counted by counsel's word processing system, and thus complies with the 5,200-word limit.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font. *See* Fed. R. App. P. 32(a)(5), (6).

Dated: December 9, 2025          */s/ Jonathan Kalmuss-Katz*
                                                                JONATHAN KALMUSS-KATZ