# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 24-1193**                              **September Term, 2024**

**EPA-89FR39124**

**Filed On:** October 1, 2024

Chamber of Commerce of the United States
of America, et al.,

      Petitioners

    v.

Environmental Protection Agency and
Michael S. Regan, in his official capacity as
Administrator, United States Environmental
Protection Agency,

      Respondents

------------------------------

Clean Cape Fear, et al.,
          Intervenors
------------------------------

Consolidated with 24-1261, 24-1266,
24-1271, 24-1272

     **BEFORE:**   Millett, Pillard, and Pan, Circuit Judges

### O R D E R

Upon consideration of the joint proposed briefing schedule and format, it is

**ORDERED** that the following briefing schedule and format will apply in these consolidated cases:

| | |
|---|---|
| Petitioners' Joint Opening Brief<br>(not to exceed 17,000 words) | November 4, 2024 |
| Respondents' Brief<br>(not to exceed 17,000 words) | January 17, 2025 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-1193**                                    **September Term, 2024**

| | |
|---|---|
| Respondent-Intervenors' Joint Brief (not to exceed 11,050 words) | February 18, 2025 |
| Petitioners' Joint Reply Brief (not to exceed 8,500 words) | March 19, 2025 |
| Deferred Appendix | March 26, 2025 |
| Final Briefs | April 2, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The parties are advised that the court "looks with extreme disfavor on the filing of duplicative briefs in consolidated cases," see D.C. Circuit Handbook of Practice and Internal Procedures 38 (2021), and the parties are encouraged to collaborate to avoid duplication of arguments in their briefs.

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 24-1193**                                              **September Term, 2024**

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Selena R. Gancasz
Deputy Clerk