ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al., *Petitioners*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY and Lee M. Zeldin, Administrator of the U.S. Environmental Protection Agency, *Respondents*. | Case No. 24-1193, and consolidated cases |

**MOTION TO HOLD CASES IN ABEYANCE**

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin[1] ("EPA") respectfully move the Court to hold these consolidated cases in abeyance for 60 days to allow new Agency leadership to review the underlying rule. Petitioners do not oppose the motion. Respondent-Intervenors reserve their right to respond to the motion within the 10 days allotted under Federal Rule of Appellate Procedure 27(a)(3) and represent that they intend to file their merits brief in this matter by February 18, 2025.

---

[1] Administrator Zeldin, who was sworn in on January 29, 2025, is substituted for former Administrator Michael S. Regan under Federal Rule of Appellate Procedure 43(c)(2).

1

1. Petitioners seek review of an EPA final Rule titled, "Designation of Perfluorooctanoic Acid (PFOA) and Perfluorooctanesulfonic Acid (PFOS) as CERCLA Hazardous Substances," 89 Fed. Reg. 39124 (May 8, 2024) ("Rule").

2. Under the Court's Order of October 1, 2025, Respondent-Intervenors' joint brief is due on February 18, 2025 and Petitioners' joint reply brief is due on March 19, 2025. ECF#2077702.

3. With the change in administration on January 20, 2025, there is new EPA leadership. EPA needs time to brief new administration officials about this case and the underlying rule. To provide new leadership with time to familiarize themselves with these issues and determine how to proceed, EPA respectfully requests that the Court place these cases in a 60-day abeyance, with motions to govern further proceedings due at the end of that 60-day period.

4. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29,

42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[2] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

---

[2] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

3

7. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

8. No party would be unduly prejudiced by the requested abeyance. Petitioners do not oppose the motion. Respondent-Intervenors support the Rule, which would remain in effect for the duration of any abeyance.

9. For these reasons, the Court should place this matter in abeyance for 60 days, with motions to govern due at the end of that period.

                                                              Respectfully submitted,

DATED: February 11, 2025        LISA LYNNE RUSSELL
                                                *Deputy Assistant Attorney General*

        *s/ Andrew S. Coghlan*
ANDREW S. COGHLAN
  Environmental Defense Section
  Environment and Natural Resources Division
  U.S. Department of Justice
  P.O. Box 7611
  Washington, D.C. 20044
  (202) 514-9275
  andrew.coghlan@usdoj.gov

## CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 800 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

On February 11, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each party.

Dated: February 11, 2025                    Respectfully submitted,

*s/ Andrew S. Coghlan*
ANDREW S. COGHLAN
*Counsel for Respondents*