ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY and Lee M. Zeldin, Administrator of the U.S. Environmental Protection Agency, <br><br> *Respondents*. | Case No. 24-1193, and consolidated cases |

## UNOPPOSED MOTION TO CONTINUE ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move the Court to extend the abeyance by 30 days to allow new Agency leadership to conclude its review of the underlying rule. Petitioners and Respondent-Intervenors in these consolidated cases do not oppose the motion.

1. Petitioners seek review of an EPA final rule titled, "Designation of Perfluorooctanoic Acid (PFOA) and Perfluorooctanesulfonic Acid (PFOS) as CERCLA Hazardous Substances," 89 Fed. Reg. 39124 (May 8, 2024) ("Rule").

2. On February 24, 2025, the Court granted Respondents' motion to hold the case in abeyance for 60 days pending that review. Doc. No. 2102403. The

Court's order also directed the Respondents to file motions to govern future proceedings on April 25, 2025. *Id.*

3. With the change in administration on January 20, 2025, there is new EPA leadership. That new leadership is in the process of reviewing the issues presented in this case and developing its position on how to proceed in this litigation. To complete that process in an orderly and deliberate fashion while preserving both this Court's and the parties' resources, EPA requests that the Court abate proceedings in this matter for an additional 30 days.

4. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5. Abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which

policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

6. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[1] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

7. Continuing the abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed.*

---

[1] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

*Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

8. No party would be unduly prejudiced by the requested abeyance, and none opposes this motion. Because this matter is already in abeyance no deadlines will be impacted by continuing the abeyance.

9. For these reasons, the Court should continue to hold this matter in abeyance for an additional 30 days, with motions to govern due at the end of that period.

Respectfully submitted,

DATED: April 25, 2025

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*s/ Andrew D. Knudsen*
ANDREW KNUDSEN
ELIZABETH BERG
  Environmental Defense Section
  Environment and Natural Resources Division
  U.S. Department of Justice
  P.O. Box 7611
  Washington, D.C. 20044
  (202) 353-7466
  andrew.knudsen@usdoj.gov

# CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 757 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

On April 25, 2025, I filed the foregoing with the Court's CM/ECF system, which will notify each party.

Dated: April 25, 2025   Respectfully submitted,

*s/ Andrew D. Knudsen*
ANDREW KNUDSEN