# HUNTON

HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL 804 • 788 • 8200
FAX 804 • 788 • 8218

ELBERT LIN
DIRECT DIAL: 804 • 788 • 7202
EMAIL: elin@Hunton.com

February 19, 2026

**VIA CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave NW
Washington, D.C. 20001

*Re:* **Notice of Supplemental Authority under Fed. R. App. P. 28(j);**
**_Chamber of Commerce et al. v. Environmental Protection Agency et al,_ No. 24-1193(L)**

Dear Mr. Cislak:

I write regarding *Airlines for America et al. v. United States Dept. of Transportation*, No. 24-60231 (5th Cir. Feb. 3, 2026) ("*Airlines II*"), Ex. 1. That en banc decision unanimously vacated a rule for "fail[ure] to provide additional notice and the opportunity to comment on a study that was 'critical to the Rule's issuance.'" *Id.* at 2. As the panel had explained, the proposal said "it was 'not possible to quantify'" whether the rule "'would yield benefits that exceed costs.'" *Airlines for Am. v. Dep't of Transportation*, 127 F.4th 563, 580 (5th Cir. 2025) ("*Airlines I*"). But the final rule relied on an extra-record study to "estimate[] net benefits." *Id.* *Airlines II* confirmed en banc that this "defect compromised the entire regulation," Ex. 1 at 3, even though the statute didn't expressly require quantification, *see* 49 U.S.C. § 41712(a), and the proposal solicited "comments regarding quantifying costs and benefits," *Airlines I*, 127 F.4th at 582.

This Court should rule similarly. EPA proposed it couldn't legally consider costs and was unable to quantify "indirect" costs anyway. JA76-78. But in the Final Rule, EPA introduced a "totality of the circumstances" analysis that assessed the "advantages and disadvantages of designation" and relied on a new 278-page Regulatory Impact Analysis ("RIA"). JA26. Among many surprises, EPA concluded there was actually "sufficient information to reasonably estimate anticipated future costs." JA27.

And like DOT in *Airlines II*, EPA cannot escape that the undisclosed information was critical. In defending its conclusions on costs, EPA itself points to the preamble's holistic "totality of the circumstances" analysis. EPA Br. 18. And though EPA now downplays the RIA, EPA's totality-of-the-circumstances analysis expressly "weighed the quantitative and qualitative costs and benefits evaluated in the RIA," JA26, and discussed many specifics from that document,

# HUNTON

*see, e.g.*, JA40-42.  That includes billions in clean-up monies, which the RIA called "indirect costs," JA387, but which EPA's analysis deemed "an advantage," JA41.  Indeed, EPA conceded at argument that such costs were "important" and that it "would be a problem" to "relabel [them] as benefits."  Ex. 2 (Oral Argument Tr.) at 25.  Yet that's what EPA did.

Sincerely,

*/s/ Elbert Lin*

Elbert Lin
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
(804) 788-8200
elin@hunton.com

*Counsel for Petitioners Chamber of Commerce of the United States of America, Associated General Contractors of America, Inc., National Waste & Recycling Association, and American Chemistry Council*

Enclosures (2)