

**U.S. Department of Justice**

Environment and Natural Resources Division

*Environment and Natural Resources Division*
*950 Pennsylvania Ave., N.W.*
*Washington, DC 20530*

*Riley W. Walters*
*Phone: (202) 718-3109*
*Email: Riley.Walters@usdoj.gov*

**Oral argument held on January 20, 2026**

<u>VIA CM/ECF</u>                                                            February 24, 2026

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue N.W.
Washington, D.C. 20001

> Re:  Response to Petitioners' Rule 28(j) letter in *Chamber of Commerce et al. v. EPA et al.*, No. 24-1193 and consolidated cases

Dear Mr. Cislak:

Petitioners' Rule 28(j) letter cites as supplemental authority a one-and-a-half page Fifth Circuit decision that vacated a rule for a notice-and-comment violation. The sole basis for that decision (and the reason for its brevity): The agency "conceded that it violated the APA when it failed to provide additional notice and the opportunity to comment on a study that was 'critical to the Rule's issuance.'" Ex. 1 at 2 (quoting agency's concession), Rule 28(j) Letter.

Without explaining how their supplemental authority supports the analysis, Petitioners then offer additional record cites in an effort to strengthen their "critical material" argument. That is not what Rule 28(j) is for. In any event, Petitioners' supplemental record cites do not suggest that the illustrative estimates in the Regulatory Impact Analysis (or the assumptions behind those estimates) were critical to EPA's designation of PFOA and PFOS as CERCLA hazardous substances.

Petitioners also suggest EPA conceded at argument that the illustrative estimates of quantified indirect costs were "important." *See* Rule 28(j) Letter at 2. That is incorrect. In response to questioning about whether agencies can disregard costs by relabeling them as benefits, EPA agreed that it cannot "ignore important costs" in that way when the relevant statute requires that costs be considered. *See* Ex. 2 at 65, Rule 28(j) Letter. But as explained, EPA adequately considered costs here.

The Court should deny the petitions for review.

Sincerely,

/s/ *Riley W. Walters*
Riley W. Walters
*Counsel*
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 718-3109
riley.walters@usdoj.gov

**Certificate of Service**

I certify that on February 24, 2026, I filed the foregoing with the Court's CM/ECF system, which will notify each party.

/s/ *Riley W. Walters*