

February 24, 2026

**<u>VIA CM/ECF</u>**

Clifton Cislak
Clerk of the Court
U.S Court of Appeals for the District of Columbia
333 Constitution Ave. NW
Washington, D.C. 20001

Re:     **Respondent-Intervenors' Response to Petitioners' Notice of Supplemental Authority**
         ***Chamber of Commerce et al. v. Environmental Protection Agency et al.*, No. 24-1193(L)**

Dear Mr. Cislak:

Petitioners' February 19, 2026 notice of supplemental authority informs the court of two out-of-circuit decisions, neither of which are relevant and one of which is not good law.

*Airlines for America v. U.S. Dep't of Transp.*, 2026 WL 276679 (5th Cir. Feb. 3, 2026) (en banc) ("*Airlines II*"), bears no resemblance to this case. That three paragraph, *per curiam* decision vacated a Department of Transportation rule after the agency (1) "conceded that it violated the APA" by failing to seek comment on information "critical to the [r]ule's issuance," (2) "stated [its] intent to … rescind" the rule, and (3) "agree[d] to the remedy of vacatur." *Id.* at *1. Here, EPA has confessed no error, is defending the challenged rule, and has consistently explained that the cost estimates Petitioners rely on for their notice argument were not critical to EPA's determination that PFOA and PFOS satisfy the standard for designation as hazardous substances. EPA Br. at 48-50; Oral Arg. Transcript at 63, 68-69.

Petitioners also quote a prior panel decision in *Airlines*, 127 F.4th 563 (5th Cir. 2025) ("*Airlines I*"), without informing the Court that decision was vacated when the Fifth Circuit granted *en banc* review. 154 F.4th 323, 324 (5th Cir. 2025) (vacating *Airlines I*). Even if the Court could consider it, *Airlines I* is inapposite. In *Airlines*, the central purpose of both the underlying statute and the challenged fee disclosure rule was to "sav[e] money," 127 F.4th at 568, so DOT's calculation of net economic benefits was necessarily "critical" to that rule. *Id.* at 582. In contrast, CERCLA's purpose is to promote remediation of hazardous substances and protect public health, JA41, and EPA did not justify its hazardous substance designations based on net costs or benefits. Instead, EPA broadly considered the "totality of the circumstances," a largely qualitative analysis that is more than supported by information that was subject to public comment, including evidence of the PFOA and PFOS's severe dangers, EPA's calculation of the rule's direct costs, and EPA's qualitative assessment of indirect costs and benefits. JA26-42; *see also, e.g.*, JA138-155 (providing prior notice of qualitative cost assessment).

Respectfully submitted,

*/s/ Jonathan Kalmuss-Katz*
Jonathan Kalmuss-Katz
Earthjustice
48 Wall Street, Floor 15
New York, New York 10005
T: 212-823-4989
jkalmusskatz@earthjustice.org

Lillian Zhou
Alana Reynolds
Earthjustice
1001 G St NW, Suite 1000
Washington, DC 20001
T: 202-667-4500
lzhou@earthjustice.org
areynolds@earthjustice.org

*Counsel for Respondent-Intervenors Clean Cape Fear, Environmental Justice Task Force, Fight for Zero, Merrimack Citizens for Clean Water, and Natural Resources Defense Council*

**<u>Certificate of Service</u>**

I hereby certify that, on February 24, 2026, I served the foregoing letter on counsel of record through the Court's electronic filing system.

DATED:   February 24, 2026                                    */s/ Jonathan Kalmuss-Katz*